# IN THE COURT OF APPEALS OF IOWA

No. 16-0511
Filed August 17, 2016

**ADAM HEISINGER,**
       Petitioner-Appellant,

**vs.**

**PRISCILLA STRONG, n/k/a PRISCILLA RILEY,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Muscatine County, Paul L. Macek,

Judge.

       Adam Heisinger appeals the district court's ruling it lacked jurisdiction over

the application for rule to show cause and the application to modify filed in this

matter. **AFFIRMED.**

       M. Leanne Tyler of Tyler & Associates, P.C., Bettendorf, for appellant.

       Peter G. Gierut of Gallagher, Millage & Gallagher, P.L.C., Bettendorf, for

appellee.

       Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Adam Heisinger and Priscilla Riley had a child together. In September 2013, an Iowa district court entered a decree of paternity, custody, visitation, and related matters. The court had jurisdiction pursuant to Iowa Code chapter 598B (2013), the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), because Priscilla had resided in Iowa with the child for the requisite time. Adam resided in Ohio, where he continues to reside. At the time the decree was entered, Priscilla resided in Virginia but later moved back to Iowa. In August 2014, Adam filed a contempt action in the Iowa court concerning visitation issues. In October 2014, Priscilla moved with the child from Iowa to Mississippi. The Iowa court found her in contempt in February 2015 but suspended punishment pending compliance with court orders. The court also modified the visitation provisions.

In September 2015, Priscilla filed a petition in Mississippi to enroll the Iowa judgment and to seek modification of the Iowa judgment and for other relief. In October 2015, Adam filed another contempt action in the Iowa district court, sought enforcement of the earlier contempt finding, and filed an application to modify the Iowa custody decree. On November 9, 2015, a Mississippi court entered an order registering the Iowa judgments. In the Iowa court, on November 18, 2015, Priscilla filed a motion to dismiss and to transfer jurisdiction to the Mississippi court. After a hearing, the Iowa court determined Iowa no longer had jurisdiction under the UCCJEA as neither the child nor any parent resided here and Iowa was not the home state of the child and had not been the

home state of the child within six months prior to the current proceedings. *See* Iowa Code §§ 598B.201, .202 (2015).

Adam has appealed the district court's order declaring lack of subject-matter jurisdiction over the modification proceeding, the new contempt action, and enforcement of the earlier contempt findings. In short, he argues Iowa has an interest in enforcing its earlier contempt finding even though neither party had lived in Iowa for about eleven and a half months prior to Adam seeking its enforcement. He also argues Iowa has continuing jurisdiction to modify earlier rulings of its courts.

On our de novo review of the UCCJEA jurisdictional issues raised in this appeal, *see In re Guardianship of Deal-Burch*, 759 N.W.2d 341, 343 (Iowa Ct. App. 2008), we find the Iowa district court's ruling identified and considered all the issues presented and approve of the reasons and conclusions of that court. A full opinion of this court would not augment or clarify existing case law. *See* Iowa R. App. P. 21.26(1)(d), (e).

Both parties seek appellate attorney fees. Having considered all of the relevant factors, *see In re Marriage of Erickson*, 491 N.W.2d 799, 804 (Iowa Ct. App. 1992), each party shall pay his or her own attorney fees on appeal.

**AFFIRMED.**